UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA          CRIMINAL NO: 05-10010NMG

v.

IGOR MOYSEYEV

**DEFENDANT IGOR MOYSEYEV'S MOTION FOR RELIEF FROM PREJUDICIAL JOINDER (PRELIMINARY)**

Now comes the defendant Igor Moyseyev and pursuant to Rule 14(a) of the Federal Rules of Criminal Procedure respectfully requests this Honorable Court to sever his trial from that of the co-defendants Severin Yelaun, David Tameran, and John Montoni.

The defendant Igor Moyseyev further moves pursuant to Rule 14(b) of the Federal Rules of Criminal Procedure that before ruling on this motion, the court order an attorney for the government to deliver to the court for in camera inspection any defendant's statement that the government intends to use as evidence. In support of this motion the defendant states:

A. Severance is necessary and should be granted if the government intends to use hearsay statements from a non-testifying co-defendant, which incriminate the defendant

1

  but are admissible only against the co-
  defendant. <u>Bruton v. United States,</u> 391
  U.S. 123 (1968).
 B. Severance is necessary and should be granted
  where the grounds are antagonistic or
  inconsistent defenses between co-defendants.
 C. Severance is necessary and should be granted
  because of the difference in evidence
  against, and culpability of, the defendants.

Under Rule 14, the trial judge has broad discretion to grant or deny severance of joined defendants. <u>Zafiro v. United States</u>, 506 US 534 (1997). The Supreme Court has stated that "a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one or more of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence. <u>Zafiro</u> at 539.

In this Circuit, at the trial level, the defendant's burden is "an exacting one: a separate trial will be ordered only upon a 'strong showing of prejudice'." <u>United States v. Porter</u>, 764F.2d 1, 12 (1st Cir. 1985) as quoted in <u>United States v. Martinez</u>, 922 F.2d 914, 922 (1st Cir. 1991).

**A. HEARSAY STATEMENTS FROM A NON-TESTIFYING CO-DEFENDANT THAT INCRIMINATE THE DEFENDANT**

In <u>Bruton v. United States,</u> 391 U.S. 123, 88 S.Ct. 1620 (1968), the Supreme Court held that the extra judicial statements of a non-testifying defendant, which incriminate

2

the declarant as well as his co-defendants, is only admissible against the declarant and their admission at a joint trial violates the co-defendants' right to cross-examination secured by the Confrontation Clause of the Sixth Amendment.  See id. at 126; see also United States v. Vega Molina, 407 F.3d 511, 518-19 (1st Cir. 2005)("It is well established that the out-of-court statements of a non-testifying defendant, even if admissible against the declarant, may not be used against a jointly tried co-defendant unless otherwise independently admissible against the co-defendant.").  On January 30, 2006, pursuant to an Assented To Motion allowed by the Court, the Government provided report reflecting each defendant's oral statements to law enforcement.  The statements directly and indirectly incriminate and implicate Igor Moyseyev.

Pursuant to Fed.R.Crim.P.14(b) the defendant Igor Moyseyev requests this court order the government to deliver to the court any defendants' statement that the government intends to use as evidence.

### B.   ANTAGONISTIC DEFENSES

At trial, the defendant Igor Moyseyev intends to lay the blame for the entire fraud squarely on Severin Yelaun, David Tameran, and John Montoni.  The defendant anticipates that at least Severin Yelaun's defense will be to blame

3

Igor Moyseyev. Under these circumstances, it would appear that to have these defendants tried jointly would be highly prejudicial to one of them. See United States v. Valdes, 262 F.Supp.474 (1967. Under Rule 14 of the Federal Rules of Criminal Procedure if it appears that a defendant or the government is prejudiced by a joinder of offenses or of defendants in an indictment or information or by such joinder for trial together, the court may order an election or separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires. This case falls squarely under the provisions of this rule.

### C. SEVERANCE IS REQUIRED BECAUSE OF THE DIFFERENCE IN EVIDENCE AGAINST, AND CULPABILITY OF, THE DEFENDANTS

The court must order a severance when defendants tried together in a complex case have markedly different degrees of culpability causing unfair prejudice to one. Zafiro v. United States, 506 U.S. 534, 113 S.Ct. 933, 938 (1993). A gross disparity in the evidence presents a danger that some defendants will suffer "spill over prejudice" due to the accumulation of evidence against the other defendants. "When that occurs, a defendant may suffer a transference of guilt merely due to his association with a more culpable defendant…In instances where evidentiary disparity is

4

unquestionable, the Court will not presume the jury instructions will adequately cure potential prejudice and severance is appropriate." United States v. Stoecker, 920 F.Supp. 876, 886 (N.D.Ill. 1996)(citations omitted).

Here, a severance is required because of the marked disparity of evidence against, and culpability of, Severin Yelaun, David Tameran, and John Montoni on the one hand, and Igor Moyseyev on the other, with respect to actual fraud that was committed.

The defendant requests leave to supplement this motion with specific facts as the case develops.

For the foregoing reasons defendant Igor Moyseyev's Motion for Relief from Prejudicial Joinder should be allowed.

Respectfully Submitted,
IGOR MOYSEYEV
By his Attorneys,

/s/James E. McCall
Four Longfellow Place
Suite 3703
Boston, MA 02114
(617)720-2900
BBO# 327365

/s/Murray P. Reiser
Four Longfellow Place
Suite 3703
Boston, MA 02114
(617) 742-1810
BBO# 416180